United States District Court
Southern District of Texas
**ENTERED**
January 02, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC A. GERLAND, TDCJ #01508344, | § § § | |
| Petitioner, | § § | |
| v. | § § § | CIVIL ACTION NO. H-18-4698 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § § | |
| Respondent. | § | |

## **MEMORANDUM OPINION AND ORDER**

Texas inmate Eric A. Gerland (TDCJ #01508344) has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1), seeking relief from a prison disciplinary conviction. After reviewing the pleadings in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court will dismiss this case for the reasons explained below.

### **I. Background**

Gerland is currently serving a 45-year prison sentence in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as the result of a murder conviction that was

entered against him in Cameron County, Texas.[1] That conviction, a first-degree felony in violation of Texas Penal Code § 19.02(b), was affirmed on direct appeal in an unpublished decision. See Gerland v. State, No. 13-08-00321-CR, 2009 WL 4432674 (Tex. App. — Corpus Christi-Edinburgh Dec. 3, 2009, pet. ref'd).

Gerland now seeks relief in the form of a federal writ of habeas corpus to challenge a prison disciplinary conviction that was entered against him at the Pack Unit in Navasota, where he is currently confined.[2] Gerland indicates that he was convicted on September 22, 2018, in disciplinary case number 20190015896, for possession of contraband.[3] As a result of this disciplinary conviction, Gerland lost commissary and recreation privileges for 30 days.[4]

Gerland argues that he was denied due process at his disciplinary hearing because there was insufficient evidence that the items found in his possession (boot laces and some expired medication) were actually contraband.[5] Gerland contends further that his conviction should be overturned because prison officials

---

[1] Petition, Docket Entry No. 1, p. 2.

[2] Id. at 1, 5.

[3] Id. at 5.

[4] Id.

[5] Id. at 6.

failed to follow their own rules by conducting an adequate investigation.[6]

## II. **Prison Disciplinary Proceedings**

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Wolff v. McDonnell, 94 S. Ct. 2963, 2974-75 (1974). Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. See Sandin v. Conner, 115 S. Ct. 2293, 2302 (1995). A Texas prisoner cannot demonstrate a Due Process violation in the prison disciplinary context without first satisfying the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. See Malchi v. Thaler, 211 F.3d 953, 957-58 (5th Cir. 2000). Gerland meets neither criteria.

As a state inmate convicted of murder, Gerland is not eligible for early release on mandatory supervision as a matter of law. See Tex. Gov't Code § 508.149(a)(2). Likewise, Gerland concedes that he did not lose any previously earned good-time credit.[7] To the extent that Gerland lost privileges, this type of sanction does not

---

[6] Id. at 7.

[7] Id. at 5, ¶ 18.

-3-

pose an "atypical" or "significant" hardship that implicates a constitutionally protected liberty interest. See Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (observing that limitations imposed on commissary privileges and temporary cell restrictions are "merely changes in the conditions of [an inmate's] confinement and do not implicate due process concerns"). Because Gerland cannot establish a constitutional violation of constitutional under these circumstances, his Petition will be dismissed for failure to state a claim upon which relief may be granted.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). The court concludes that jurists of reason would not debate the assessment of the petitioner's claims or whether the petitioner has demonstrated

the violation of a constitutional right. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The petitioner's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

2. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Eric A. Gerland (Docket Entry No. 1) is **DENIED,** and this action will be dismissed with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this the 22 day of JAN, 2019.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE